IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL EDWARD KENNEDY | * | |
| Petitioner | * | |
| v | * | Civil Action No. L-11-1012 |
| DIRECTOR HARLEY G. LAPPIN | * | |
| Respondent | * | |

***

**MEMORANDUM**

The above-captioned Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241 was filed on April 18, 2011, together with the filing fee. The Petition concerns application of credit for time spent on parole supervision toward the completion of Petitioner's sentence. ECF No. 1. For the reasons set forth below, the Court will DISMISS the Petition by separate Order.

I.  Background

Petitioner Michael Edward Kennedy ("Kennedy") was sentenced to two concurrent life sentences from which he was paroled on January 25, 2000. Parole supervision is assigned to the District of Maryland. See Kennedy v. Reilly, Civ. No. L-09-1802 (D. Md.) at ECF No. 5.[1] Kennedy has been considered for termination of parole supervision on at least two occasions, but supervision was continued by the United States Parole Commission ("Commission") and his legal challenges to those decisions have been unsuccessful.[2] See id. and Kennedy v. Reilly, Civ. No. L-08-2866 (D. Md.).

---

[1] This Court's decision dismissing Kennedy's Petition was affirmed by the United States Court of Appeals for the Fourth Circuit. See Kennedy v. Reilly, Slip Op. No. 10-6390 (August 30, 2010, 4th Cir.).

[2] Kennedy has filed several challenges to the conditions of his parole as well as challenges to the decisions regarding continued parole supervision. See Kennedy v. Allera, Civ. No. L-05-129 (D. Md.) (sex offender registration requirement); Kennedy v. Allera, Civ. No. L-07-2300 (D. Md.) (release of psychological test results); Kennedy v. U.S.A., Civ. No. L-07-2964 (D. Md.) (motion to vacate); Kennedy v. Reilly, Civ. No. L-08-2866 (D. Md.) (termination of parole supervision); and Kennedy v. Reilly, Civ. No. L-09-1802 (D. Md.) (termination of parole supervision).

II. Claims Raised

Kennedy claims that he is entitled to credit for the time he has served under parole supervision because he has not committed any new offenses, there are no special conditions of parole imposed upon him, and to deny relief would be to create an inequity between offenders sentenced to different punishments. ECF No. 1. Kennedy acknowledges to a degree that the type of credit he seeks is ordinarily only awarded where release on parole is revoked. He nevertheless claims entitlement to the time toward "completion" of his sentence and contends that a life sentence should be "complete" through service of 45 years of incarceration, time served under parole supervision, or a combination of the two.

III. Analysis

A claim is justiciable if there is "a real, substantial controversy between parties having adverse legal interests, a dispute definite and concrete, not hypothetical or abstract." Babbitt v. United Farm Workers Nat'l Union, 442 U.S. 289, 298-99 (1979). Before this Court may intervene on a matter concerning the award of credit for time spent under parole supervision, the issue must be addressed by the agency or authority with the discretion to award the credit. As presented there is no evidence that Kennedy's request for the credit he seeks has been denied by the Commission; therefore, the claim is not ripe for this Court's consideration.

In the event the Commission does not authorize an award of the credit Kennedy seeks, this Court's review would be limited. "Where the controlling statute indicates that particular agency action is committed to agency discretion, a court may review the action if there is a claim that the agency has violated constitutional, statutory, regulatory or other restrictions, but may not review agency action where the challenge is only to the decision itself." Garcia v. Neagle, 660 F. 2d

983, 988 (4th Cir. 1981), citing Ness Investment Corp. v. U.S. Dept of Agriculture, 512 F. 2d 706, 715 (9th Cir. 1975).

IV. Conclusion

Kennedy's claim necessarily involves this Court's review of a matter as yet presented to the Commission for consideration. The Petition for Writ of Habeas Corpus concerns an unexhausted matter. In dismissing the matter on this ground, the Court makes no decision regarding the merits of Kennedy's claims. A separate Order follows.

April 29, 2011

/s/
_____
Benson Everett Legg
United States District Judge